**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| DONALD PRIDDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01129-JDB-egb |
| | ) | Cr. No. 1:13-cr-10054-JDB-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING AND DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the 28 U.S.C. § 2255 ("§ 2255") petition of Donald Priddy, *pro se*, to

vacate, set aside, or correct his sentence (the "Petition"). (Electronic Case File ("ECF") No. 1).

Priddy, Bureau of Prisons ("BOP") register number 26176-076, is currently incarcerated at the

Federal Correctional Institution, Talladega in Talladega, Alabama. (*Id.*) Petitioner argues that

the Court erred in sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(1), citing the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551

(2015). For the reasons discussed below, the Petition is DISMISSED.

**I.      BACKGROUND**

       **A.      Case Number 1:13-cr-10054-JDB-1**

On June 24, 2013, a federal grand jury returned a two count indictment charging

Petitioner with knowingly possessing and receiving a firearm—having been previously convicted

of a crime punishable by imprisonment for a term exceeding one year—in violation of 18 U.S.C.

§ 922(g), with respect to two separate weapons. (Criminal ("Cr.") ECF No. 2 at 1–2.) On September 15, 2014, Priddy, represented by counsel, pleaded guilty to both counts. (Minute ("Min.") Entry, Cr. ECF No. 37.) There was no written plea agreement with the government. (*Id.*)

Following Petitioner's guilty plea, the United States Probation Office conducted a presentence investigation and prepared a report ("PSR") in anticipation of sentencing. (*See* PSR.) Priddy had numerous prior convictions in the courts of multiple states. These included three convictions for aggravated burglary, two for burglary (other than habitation), and one for robbery. (*Id.* at ¶¶ 29, 30, 36, 38, 44, 45.) His total offense level was 30 with a criminal history category of VI, resulting in a guideline range of 168 to 210 months. (*Id.* at ¶ 109.) Because of Petitioner's prior felony convictions, however, the Probation Office concluded that he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1), and was therefore subject to a mandatory minimum sentence of 180 months. (*Id.* at ¶ 23.) On January 21, 2015, this Court sentenced Priddy to 180 months' imprisonment as to each count, to run concurrently. (Min. Entry, Cr. ECF No. 47.) The sentence also included three years of supervised release and a $100 special assessment. (*Id.*)

Petitioner challenged his sentence, including the imposition of the ACCA, on direct appeal. (*See* Cr. ECF Nos. 50, 52.) On December 15, 2015, the United States Court of Appeals for the Sixth Circuit held that this Court "correctly found that four of [Priddy's] prior convictions constitute violent felonies under the ACCA's enumerated-offense and use-of-force clauses." *United States v. Priddy*, 808 F.3d 676, 687 (6th Cir. 2015). Accordingly, the court affirmed his sentence.

**B.** **Case Number 1:16-cv-01129-JDB-egb**

On May 31, 2016, Petitioner timely filed the instant § 2255 petition challenging his sentence. (ECF No. 1.) This time, he relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the ACCA as unconstitutionally vague.[1]

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

Generally speaking, "[d]efendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). A § 2255 motion is no substitute for a direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). Constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the petitioner demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th

---

[1] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that its ruling in *Johnson* announced a "new rule" of constitutional law that is retroactive in cases on collateral review, allowing Priddy to challenge his sentence via a § 2255 petition. 136 S. Ct. at 1268.

Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698–99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

After a § 2255 motion is filed, the Court reviews it, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Cases in the United States District Courts ("Section 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion

under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner.  In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . .").  A defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III.    ANALYSIS

### A.    The Limited Effect of *Johnson* on the ACCA

The ACCA imposes a mandatory minimum sentence of fifteen years for defendants who are convicted of violating 18 U.S.C. § 922(g) and have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e)(1).  The Act defines a "violent felony" as:

"any crime punishable by imprisonment for a term exceeding one year . . .  that—

"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

§ 924(e)(2)(B) (emphasis added).  The Supreme Court in *Johnson* struck down as void for vagueness the ACCA's residual clause, which comprises only the portion of § 924(e)(2)(B)(ii) presented above in italics.  The Court made clear that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Johnson*, 135 S. Ct. at 2563.  These other, unaffected sections of the ACCA are commonly referred to as the "use-of-force clause" (§ 924(e)(2)(B)(i)) and the "enumerated-offense" clause  (the first portion of § 924(e)(2)(B)(ii)).  *Priddy*, 808 F.3d at 687.

5

**B.     The Sixth Circuit's Opinion on Direct Appeal**

This Court did not rely on the residual clause of the ACCA when it sentenced Petitioner, and the Sixth Circuit confirmed as much on direct appeal. *Id.*  Indeed, the Sixth Circuit even discussed *Johnson* in its opinion and noted that "a defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense clause." *Id.* at 683.  As the panel explained in its majority opinion, six of Petitioner's prior convictions qualify as violent felonies under the ACCA without relying on its residual clause.  For this reason, *Johnson* had no effect whatsoever on Petitioner's sentence or status as an armed career criminal.

The Sixth Circuit first examined Petitioner's three convictions in Tennessee state court for aggravated burglary. *Id.* at 684.  It found that two prior cases "establish that a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause." *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990); *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)).  This basis alone would be sufficient to support Petitioner's ACCA-enhanced sentence, as his three convictions for aggravated burglary are enough predicate offenses by themselves, but the Sixth Circuit also analyzed Petitioner's other two burglary convictions.  The court found that they could be characterized as one of three variants of burglary that constitute Class D felonies under the relevant Tennessee statute. *Id.* at 684–85.  "[B]ecause each of those subsections qualifies as generic burglary under *Taylor*," the court held that "Defendant's offenses were necessarily generic burglaries and, thus, violent felonies under the ACCA." *Id.* at 685.

As for Petitioner's robbery conviction, the Sixth Circuit had previously "held that a Tennessee conviction for robbery qualifies as a violent felony under the ACCA's use-of-force

clause." *Id.* at 686 (citing *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014)). "More recently, [the court] held . . . that the Supreme Court's recent decision in *Johnson* 'did not affect the "use of physical force clause"' and affirmed a defendant's ACCA-enhanced sentence because his prior Tennessee robbery conviction qualified as a violent felony under the use-of-force clause." *Id.* (quoting *United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015)). The court also considered whether *Johnson* disrupted its holding in *Mitchell*:

> The *Mitchell* court found that under the categorical approach, a Tennessee robbery conviction is a violent felony under both the use-of-force clause and the residual clause. The conviction need only qualify as a violent felony under one of the clauses. Therefore, even in light of the Supreme Court's invalidation of the residual clause, this Court's determination remains unchanged that under the categorical approach, robbery in Tennessee is a predicate offense under the use-of-force clause.

*Id.* Thus, Petitioner's robbery conviction qualifies as a violent felony independent of the ACCA's residual clause. Adding it to his burglary convictions, Priddy has been convicted of six predicate offenses under § 924(e)(2)(B)'s use-of-force and enumerated-offense clauses, which remain in full effect after *Johnson*.

## IV.    CONCLUSION

Because Petitioner's status as an armed career criminal does not rely on the ACCA's residual clause in any respect, the Supreme Court's ruling in *Johnson* did not affect his sentence. Accordingly, the Petition is DISMISSED.

## V.    APPEAL ISSUES

Twenty-eight U.S.C. § 2253 requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this

certificate. The COA must also indicate "which specific issue or issues satisfy" the required

showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (internal quotation marks omitted). A COA does not require a showing that the appeal

will be successful. *Id.* at 337. Courts, however, should not issue a COA as a matter of course.

*Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam).

In this case, for the reasons previously stated, the issues raised by the Petitioner lack

substantive merit and, therefore, he cannot present a question of some substance about which

reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C.

§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v.*

*Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255

case and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the

prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).

*Kincade*, 117 F.3d at 952. The Rule requires a party seeking pauper status on appeal to first file

a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). The

Rule also provides, however, that if the district court certifies that an appeal would not be taken

in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his

motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, for the same reasons it denies a COA, the Court determines that any appeal

would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any

appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is

DENIED.[2]


        **IT IS SO ORDERED** this 14th day of December, 2016.

s/ J. DANIEL BREEN                   
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.